IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

JARELL D TERRY                                                              PLAINTIFF
ADC #149998C

v.                           No. 2:20-cv-155-DPM-PSH

SIDNEY LARRY, Former Sergeant,
Brickeys Max; ALICIA WILLIAMS,
Sergeant, Brickeys Max; BAINES,
Nurse; D. MAIDEN, Lieutenant,
Brickeys Max; and KATHEY
BAXTER, Sergeant Brickeys Max                                         DEFENDANTS

ORDER

1. On *de novo* review, the Court partly adopts and partly declines the partial recommendation, Doc. 6, and mostly overrules Terry's objections, Doc. 14 & 16–17. FED. R. CIV. P. 72(b) (1983 addition to advisory committee notes).

2. The Court declines the recommendation as to Terry's claim that he was forced to urinate in the hallcage. Doc. 6 at 5–6. Terry alleges that he was in the hallcage from 7:30 p.m. to 4:00 a.m. He says that during that time he "requested to urinate several times" but wasn't allowed out and had to urinate in the hallcage, which had no toilet. Doc. 5 at 5.

There are some differences between Terry's case and those cited in the recommendation. For example, in *Revels v. Vincenz*, the

deprivation lasted only a few seconds because the Plaintiff "began urinating even as [the defendant] was responding to his request." 382 F.3d 870, 875 (8th Cir. 2004). In *Knop v. Johnson*, inmates had access to "nonflushable receptacles" in their cells when access to flush toilets wasn't permitted. 977 F.2d 996, 1013 (6th Cir. 1992). And in *Whitted v. Lazerson*, the deprivation lasted no more than ninety minutes. 1998 WL 259929, at *2 (S.D.N.Y. 21 May 1998). It's not clear yet how long Terry was forced to wait or how long he had to remain in the hallcage after urinating. When those facts are fleshed out, it may be that this claim fails. For screening purposes, though, the Court concludes that Terry has stated an Eighth Amendment claim against Larry and Maiden.

**3.** The Court adopts the remainder of the partial recommendation and overrules Terry's objections.* Terry may proceed with his excessive force claim against Larry for slamming his head against the hallcage door; and he may proceed with his Eighth Amendment claim against Larry and Maiden based on being forced to urinate in the hallcage.

In his objections, Terry identified Larry as the person who handcuffed him. *Doc. 16 at 4 & Doc. 17 at 1–2.* Because Terry is

---

* A "not" was inadvertently omitted in the fifth line from the bottom on page six. The Court adds it: "Terry does not claim that Williams sprayed him with the mace."

proceeding with other claims against Larry, the Court asks the Magistrate Judge to consider whether this claim—as supplemented—survives screening.

**4.** All other claims and Defendants are dismissed without prejudice. Going forward, if Terry wants to allege new or different facts, then he must request permission to amend his complaint; he can't add them in his objections. Further, it would help the Clerk if Terry would submit one filing with all his objections instead of filing several papers.

So Ordered.

*DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

2 November 2020